UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ST. JOHNS RIVERKEEPER, INC.,

    Plaintiff,

v.

BERMAN BROS., INC.,

    Defendant.

Civil Case: 3:22-cv-00892-MMH-JBT

## JOINT MOTION FOR APPROVAL OF CONSENT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 7(b)(1) and Local Rule 3.01, Plaintiff, St. Johns Riverkeeper, Inc., and Defendant, Berman Bros., Inc., hereby respectfully submit this Joint Motion for Approval of Consent Judgment. As grounds for the motion, the parties state as follows:

1. This civil action was initially filed on August 15, 2022, and then Plaintiff filed its First Amended Complaint ("FAC") on August 23, 2022, under Section 505 of the Clean Water Act, 33 U.S.C. § 1365 ("CWA"), alleging violations of the CWA and the State of Florida's Multi-Sector Generic Permit for Stormwater Discharge Associated with Industrial Activity ("General Permit").

2. Rather than adjudicate the matter fully, the Parties decided to resolve this matter by means of a Consent Judgment. The Parties engaged in lengthy,

detailed negotiations among counsel and consultants to achieve the settlement memorialized in the Proposed Consent Judgment, attached hereto as Exhibit 1.

3. The Proposed Consent Judgment commits Defendant to specific injunctive relief and a $35,000 payment to the Community Foundation for Northeast Florida for the sole purpose of providing grants to environmentally beneficial projects within the St. Johns River watershed. The Court retains jurisdiction to enforce the Consent Judgment until Termination. The Stipulated Order cannot be modified without mutual agreement between the Parties, and material modifications will require Court approval.

4. The Parties provided notice of the Proposed Consent Judgment with the Court on May 8, 2023, and Plaintiff provided it to the United States for review under Section 505(c)(3) of the CWA, 33 U.S.C. § 1365(c)(3). (Dkt. 16). On June 21, 2023, the United States Department of Justice submitted a letter, attached hereto as Exhibit 2, indicated it has no objection to the terms of the Consent Judgment.

5. For all the foregoing reasons and the authority cited in the memorandum of law which follows, the parties respectfully request that this Honorable Court grant their Joint Motion for Approval of Consent Judgment and execute the Consent Judgment.

## MEMORANDUM OF LAW

The Supreme Court has long endorsed the propriety of the use and entry of Consent Judgments. *E.g.*, *Swift & Co. v. United States*, 276 U.S. 311, 325 (1928); *Pope*

v. *United States*, 323 U.S. 1, (1944); *United States v. Armour & Co.*, 402 U.S. 673 (1971); *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 519 (1986); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992). The Supreme Court has also commented on the efficacy of a trial court retaining jurisdiction of a consent decree. In *Local 93 v. Cleveland*, the Court stated:

> [a] court that maintains continuing jurisdiction over a consent decree will have a more flexible repertoire of enforcement measures. And it is likely to be easier to channel litigation concerning the validity and implications of a consent decree into a single forum -the court that entered the decree- thus avoiding the waste of resources and the risk of inconsistent or conflicting obligations.

478 U.S. at 524 n. 13.

The Eleventh Circuit has recognized a "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (reaffirming the policy in *Bennett*). In examining a consent judgment proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, settlements in disputes involving environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975); *see also Morris v. US Foods, Inc.*, No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741, at *8 (M.D. Fla. May 17, 2021); *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005); *Ass'n For Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010). Consent judgments have a particular relevance in the context of environmental disputes as "cooperation and voluntary compliance are the preferred means of achieving the goals of environmental legislation." *Jones Creek Invs., LLC v. Columbia Cnty., Ga.*, No. CV 111-174, 2013 WL 164516, at *2 (S.D. Ga. Jan. 15, 2013); *see also United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir.1981).

In its FAC, Plaintiff alleged that Defendant was violating the CWA and the General Permit by discharging polluted stormwater flows into storm drains that flow into Deer Creek and the St. Johns River, waters of the United States. The

proposed Consent Judgment requires Defendant to implement additional pollution prevention measures and perform monitoring to ensure the efficacy of implemented stormwater control measures. In addition, to remedy its alleged past violations, Defendant is required to pay an Environmental Benefit Payment in the amount of $35,000 to the Community Foundation for Northeast Florida for the sole purpose of providing grants to environmentally beneficial projects within the St. Johns River watershed.

There is no ongoing dispute between the Parties and the settlement is the result of extensive, arms-length negotiations between the Parties. Having worked in good faith to reach this agreement, the Parties contend the terms are fair, reasonable, and adequate. The proposed Consent Judgment remedies the specific statutory violations alleged in the Complaint. As evidenced by DOJ's review and non-objection, the agreement is in accordance with public policy. The Court should enter the proposed Consent Judgment and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, the Parties respectfully request that this Court grant the instant motion and execute the proposed Consent Judgment attached as Exhibit 1.

# LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Plaintiff, St. Johns Riverkeeper, Inc., contacted counsel for Defendant, Berman Bros., Inc., and neither party objects to the relief sought in this Motion.

Dated:  June 30, 2023                              Respectfully Submitted,

| | |
|---|---|
| */s/ John November* | */s/ Wayne E. Flowers* |
| John November | Wayne E. Flowers |
| The Public Trust Environmental Legal Institute of Florida, Inc. | Lewis, Longman & Walker, PA. |
| 2029 North Third Street | 245 Riverside Avenue, Suite 510 |
| Jacksonville Beach, FL 32250 | Jacksonville, FL 32202 |
| (904) 247-1972 | 904-353-6410 |
| john@publictrustlaw.org | wflowers@llw-law.com |
| *Attorneys for Plaintiff St. Johns Riverkeeper* | *Attorneys for Defendant Berman Bros., Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing Motion with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

*/s/John November*
John November
Fl Bar No. 0088760