## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ST. JOHNS RIVERKEEPER, INC.,

    Plaintiff,

v.                                           Case No.   3:22-cv-892-MMH-JBT

BERMAN BROS., INC.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Consent Judgment (Doc. 18; Motion), filed on June 30, 2023. In the Motion, Plaintiff, St. Johns Riverkeeper, Inc., and Defendant, Berman Bros., Inc., request that the Court approve and enter their proposed Stipulated Consent Judgment (Doc. 18-1) to resolve this action. See Motion at 1-2. Upon review of the Motion, proposed Stipulated Consent Judgment, and record in this case, the Court is satisfied that the proposed Stipulated Consent Judgment is not "unconstitutional, unlawful, unreasonable, or contrary to public policy." See Stovall v. City of Cocoa, Fla., 117 F.3d 1238, 1240 (11th Cir. 1997). In addition, the Court is convinced that the proposed Stipulated Consent Judgment is "consistent with the public objectives sought to be attained by Congress" through enforcement of the Federal Water Pollution Control Act, 33 U.S.C. §

1251, et seq. (the Clean Water Act). See United States v. City of Miami, Fla., 664 F.2d 435, 441 (5th Cir. 1981) (en banc) (concurring opinion of Rubin, J., joined by Brown, Anderson, Randall, and Thomas A. Clark, JJ.).[1] As such, the Court finds that the Motion is due to be granted. With minor, editorial revisions, the Court will approve the Stipulated Consent Judgment and enter it in this case. Accordingly, it is

**ORDERED:**

1. The Joint Motion for Approval of Consent Judgment (Doc. 18) is **GRANTED**.

2. The Court will enter the revised Stipulated Consent Judgment forthwith.

3. Upon entry of the Stipulated Consent Judgment, the Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of July, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[1] Although decided after October 1, 1981, City of Miami is binding precedent in the Eleventh Circuit "because it was decided by the full en banc court of the former Fifth Circuit." See Stovall, 117 F.3d at 1243 n.4 (citing Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982)).

- 2 -

lc11
Copies to:

Counsel of Record
Pro Se Parties